Court of Claims jurisdiction; tort claims. — On July 3, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
This case comes before the court on defendant’s motion to dismiss or to transfer for lack of jurisdiction as to plaintiffs Floyd Fowler, Carl Miller, and Gordon Rhoades. This case was originally filed in the United States District Court for the Eastern District of Arkansas by plaintiffs George Cowger, Floyd Fowler, Carl Miller, and Gordon Rhoades, but was transferred by order of that court to the Court of Claims on June 26, 1979. The Government does not contest Court of Claims jurisdiction over Cowger. The case involves, at this stage, only the other three plaintiffs.
Plaintiffs allege that defendant (through its agents and representatives) and third persons have damaged and trespassed upon the lands and personal property owned by plaintiffs George Cowger and Carl Miller, and occupied by Cowger’s lessees, Gordon Rhoades and Floyd Fowler. Plaintiffs contend that such damage has resulted from agreements and promises made in a writing by defendant’s agents executing two easements with George Cowger.
Defendant acknowledges that Cowger has, in part "stated a claim in the nature of a contract action against the United States, which is properly before this court.” However, defendant has moved to dismiss or transfer plaintiffs Rhoades, Fowler and Miller on the grounds that (1) the petition as to them states a cause of action in tort and is thus beyond this court’s jurisdiction, and (2) they derive no rights from the contract between the defendant and George Cowger.
*734 We agree with the defendant that we have no jurisdiction over Carl Miller’s claim. He alleges only that one of his calves was negligently killed, clearly a tort. This court has no jurisdiction over torts, 28 U.S.C. § 1491, and Miller’s claim must be transferred back to the district court.
Similarly we agree that plaintiffs Fowler and Rhoades, lessees of Cowger, have alleged tort claims. Their actions are characterized as ones in trespass and as such sound in tort. Nothing in the pleadings indicates their claims are contract claims. Nor have plaintiffs argued in any way against defendant’s motion to dismiss or transfer. Because the claims do not appear to be anything other than tort claims, again, they must be transferred to the district court. Even if plaintiffs Fowler and Rhoades eventually attempt to proceed on a contract theory, the district court would nevertheless retain jurisdiction. As the district court itself recognized in its order transferring the case to us:
Each of the individual claims of these plaintiffs [Rhoades, Fowler, and Miller] are for damages in amounts less than $10,000. It thus appears that this court has jurisdiction to resolve these particular claims.
Therefore, since the claims of Rhoades and Fowler sound in tort and even if the claims were construed as contract actions, the district court would still retain jurisdiction, it is appropriate to transfer their claims back to the district court.
Accordingly, it is therefore ordered, upon the parties’ submissions but without oral argument, that defendant’s motion to dismiss as to plaintiffs Carl Miller, Floyd Fowler and Gordon Rhoades is denied. Defendant’s motion to transfer is granted. Pursuant to 28 Ú.S.C. § 1506 (1976), the petition as to plaintiffs Carl Miller, Floyd Fowler, and Gordon Rhoades is transferred back to the United States District Court for the Eastern District of Arkansas, Western Division. The petition with respect to plaintiff George Cowger is retained in this court for further action in the trial division.